**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| In re: | |
|---|---|
| | Chapter 11 |
| **Geralex, Inc.**, | Bankruptcy No. 16-6479 |
| | Honorable Pamela S. Hollis |
| Debtor. | |

**COVER SHEET FOR THE FINAL FEE
APPLICATION OF THE INTERNATIONAL BUSINESS LAW GROUP LLC**

| | |
|---|---|
| Name of Applicant: | The International Business Law Group, LLC |
| Authorized to Provide to: | Geralex, Inc. debtor and debtor in possession |
| Period for Which Compensation is Sought: | January 1 through March 30, 2017 |
| Amount of Fees Sought: | $10,184.00 |
| This is a: | Second and Final Fee Application |

Prior fee applications:

| Date Filed | Period Covered | Total Requested | Total Allowed | Previously Paid |
|---|---|---|---|---|
| 2/23/2017 | 2/26/2016 – 12/31/2016 | $16,225.00 | $16,225.00 | $5,000 |

{00091181}

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | |
| | Chapter 11 |
| **Geralex, Inc.**, | Bankruptcy No. 16-6479 |
| | Honorable Pamela S. Hollis |
| Debtor. | |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE**, that on **June 22, 2017, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 644, at 219 S. Dearborn St., Chicago, Illinois, and then and there present the ***Final Application for Allowance of Fees for Special Counsel to the Debtor***, a copy of which is attached hereto and served upon you.

Dated: May 15, 2017                                    **Geralex, Inc.**

                                                                        By: /s/ Z. James Liu

William J. Factor (6205675)
Z. James Liu (6313367)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:   (312) 878-0977
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
          jliu@wfactorlaw.com

{00091181}

## CERTIFICATE OF SERVICE

     I, William J. Factor, an attorney, hereby certify that on May 19, 2017, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused copies of the foregoing *Notice of Application* and the accompanying *Application* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the below ECF Service List and by U.S. mail on all other persons identified on the US Mail Service List.

*/s/ William J. Factor*

## ECF SERVICE LIST

Librado Arreola on behalf of Creditor Local 25 SEIU Pension Trust
la@ulaw.com

Jeffrey Grant Brown on behalf of Creditor Yesenia Oquendo
jeff@jgbrownlaw.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov

Cornelius McKnight on behalf of Creditor Mary and John Buck
nmcknight@mkplawyers.com

Jack M Shapiro on behalf of Creditor Howard Freedberg
jack@danielgoodmanlaw.com

Brian R Zeeck on behalf of Creditor United Maintenance Company, Inc.
bzeeck@hinshawlaw.com, cynthiablack@hinshawlaw.com

## US MAIL SERVICE LIST

| | |
|---|---|
| Ally Financial<br>PO Box 130424<br>Roseville, MN 55113-0004 | Byline Bank<br>3639 N. Broadway<br>Chicago, IL 60613 |
| Gerardo Alvarado<br>1100 W. Cermak Rd.<br>Suite B113<br>Chicago, IL 60608-4540 | Glenview State Bank<br>Law Office of Arnold H. Landis, PC<br>77 W. Washington Street, Ste 702<br>Chicago, IL 60602 |
| Illinois Department of Revenue<br>Bankruptcy Section<br>PO Box 64338<br>Chicago, IL 60664-0338 | IRS<br>Department of the Treasury<br>Internal Revenue Service<br>Cincinnati, OH 45999 |
| Nicole Caliendo<br>c/o Brian J. McManus, Attorney<br>30 N. LaSalle, 2126<br>Chicago, IL 60602 | Lynn Grande<br>c/o Barry G. Doyle, Attorney<br>15255 94th St., 5th Floor<br>Orland Park, IL 60462 |
| Sprint Corp.<br>Attn: Bankruptcy Dept<br>PO Box 7949<br>Overland Park, KS 66207-0949 | Peoples Gas<br>200 East Randolph Street<br>Chicago, IL 60601 |
| The Home Depot<br>PO Box 790328<br>St. Louis, MO 63179 | The Hartford<br>The Hartford Financial Services Group<br>One Hartford Plaza<br>Hartford, CT 06155 |
| Travelers<br>Travelers CL Remittance Center<br>PO Box 660317<br>Dallas, TX 75266-0317 | The International Business Law Group<br>150 N. Michigan Ave. Suite 3680<br>Chicago, IL 60601 |
| Visa<br>PO Box 6492<br>Carol Stream, IL 60197 | Unicom<br>12560 S. Holiday Dr.<br>Building C<br>Alsip, IL 60803 |
| Geralex, Inc.<br>1100 W. Cermake Rd. Suite B114<br>Chicago, IL 60608-4540 | Barbara Pfneisel<br>Brian J. McManus & Associates<br>30 N. LaSalle, Suite 2126<br>Chicago, IL 60602-3371 |

| | |
|---|---|
| American Express<br>PO Box 001<br>Los Angeles, CA 90096-8000 | Cermak & Racine Properties, LLC<br>1100 W. Cermak Rd.<br>Chicago, IL 60608-4560 |
| Capital One Bank (USA), N.A.<br>PO Box 71083<br>Charlotte, NC 28272-1083 | Hartford Fire Insurance Company<br>Bankruptcy Unit<br>NP3-R Hartford Plaza<br>Hartford, CT 06155 |
| Comcast<br>Bankruptcy Department<br>1255 W. North Ave.<br>Chicago, IL 60642-1562 | Peoples Energy<br>Attn: Bankruptcy<br>130 East Randolph Drive, 17th Floor<br>Chicago, IL 60601-6207 |
| David Hill<br>Chicago Real Value Fund<br>5431 N. Kildare Ave.<br>Chicago, IL 60630-1792 | C O American Infosource LP<br>4515 N Santa Fe Ave.<br>Oklahoma City, OK 73118-7901 |
| Hansen Cochrane & Reed, Ltd.<br>60 Revere Dr., Suite 960<br>Northbrook, IL 60062-1581 | The Standard Companies<br>2601 S. Archer Ave.<br>Chicago, IL 60608-5913 |
| Internal Revenue Service<br>Centralized Insolvency Operations<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | University of Chicago<br>5801 S. Ellis Ave.<br>Chicago, IL 60637-1546 |
| T-Mobile<br>T-Mobile Bankruptcy Team<br>PO Box 53410<br>Bellevue, WA 98015-3410 | Alejandra Alvarado<br>1100 W. Cermak<br>Chicago, IL 60608-4500 |
| Tennant<br>12875 Ransom St.<br>Holland, MI 49424-9273 | American Express Bank FSP<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern, PA 19355-0701 |
| United Maintenance Services<br>1550 S. Indiana Ave.<br>Chicago, IL 60605-4831 | Commonwealth Edison Company<br>Attn: Bankruptcy Department<br>3 Lincoln Center<br>Oakbrook Terrace, IL 60181-4204 |

{00091181}                              4

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>**Geralex, Inc.**,<br><br>Debtor. | Chapter 11<br><br>Bankruptcy No. 16-6479<br><br>Honorable Pamela S. Hollis |

**SECOND AND FINAL APPLICATION FOR ALLOWANCE OF FEES
FOR SPECIAL COUNSEL TO THE DEBTOR**

The International Business Law Group, LLC (the *"Firm"），* special counsel to Geralex, Inc., the reorganized debtor, *("Geralex"* or the *"Debtor")* respectfully submits its Second and Final Application for Allowance of Compensation *("Fee Application")* for services rendered on behalf of the Debtor during the period from January 1, 2017 through March 30, 2017 requesting authority for the Debtor to pay the fees and expenses on final basis and respectfully stating and alleging as follows:

**JURISDICTION**

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "Case") and of this motion is proper in this Judicial District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (0).

**BACKGROUND**

3. The Debtor is an Illinois corporation with its principal place of business in Chicago, Illinois. The Debtor provides janitorial services to commercial and government facilities, such as airports and schools. It has been in business since

{00091181}

2003. The Debtor is differentiated in the janitorial services business by being woman- and minority-owned and engaging in environmentally sustainable practices with a deep commitment to the community. It is owned by Alejandra Alvarado (60%) and Gerardo Alvarado (40%).

4. On February 26, 2016 (the *"Petition Date"*), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor remained in possession of its assets and operated them as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until March 30, 2017.

5. On September 6, 2016, this Court authorized the Debtor's retention of the Firm as its special counsel, retroactive to the Petition Date.

6. On March 6, 2017, the Court granted the Firm's First Interim Application for Allowance of Fees in the amount of $15,225.00.

7. On March 30, 2017, the Court entered an order confirming the Debtor's Fourth Amended Plan of Reorganization ("Plan"). The Effective Date of the Plan was April 20, 2017.

8. This Court retained jurisdiction over the Debtor in matters relating to the Case.

## RELIEF SOUGHT

### I. Overview

9. By this application, the Firm seeks payment of its reasonable compensation for actual, necessary services rendered to the Debtor as provided by 11 U.S.C. §§ 330(a)(1). Such services were rendered from January 1, 2017, to March 30, 2017.

10. The Firm has been retained as special counsel to the Debtor pursuant to 11 U.S.C. §§ 105(a), 327(e), 328(a) and Rule 2014 of the Federal Rules of Bankruptcy Procedure. The Court granted the Debtor's motion to retain special counsel on September 6, 2016.

11. Except for fees related to making fee applications, detailed below, the services provided have all been related to legal matters including the litigation of certain pending lawsuits in state court and acting as the Debtor's outside general

{00091181}                                    2

counsel. The foregoing services, including expenses, as set forth in further detail on the attached Exhibit A, have a value of $10,184.00.

12. The Firm is not charging any fees for the time spent preparing this fee application.

13. Without the aid of an attorney, the Debtor would have been unable to properly defend itself against claims which have been filed against it in state court or comply with its obligations under the law.

14. Every effort has been made to utilize a firm with flexible billing rates and which could perform the required tasks. Accordingly, the Firm opted not to charge for portions of work performed, as evidenced by the attached Exhibit A. The Firm bills in 0.1 hour increments, with an hour divided into ten parts. For example, Client is billed 0.1 hours for legal services taking 1 to 6 minutes to perform; Client is billed 0.2 hours for legal services taking 7 to 12 minutes to perform.

15. The Firm submits that its billing structure and rates are reasonable for the level of services performed. The Firm expended 41.10 hours yet only charged for 29.50 hours, leaving 11.60 hours uncharged. The total fees charged for the application period are $10.170.00, which results in an average rate of $247.44 per hour.

16. This Application is the final application for compensation and expense reimbursement that the Firm has filed in the Case. The fees for services (the "Services") provided by the Firm during the application period are broken by professional as follows:

| Professional | Title | Hourly Rate | Total Hours Charged | Total Hours Not Charged | Value |
|---|---|---|---|---|---|
| Georgina Fabian | Managing Member | $350 | 26.40 | 4.40 | $9,240.00 |
| Cory White | Counsel | $300 | 3.10 | 0.20 | $930.00 |
| Araceli Espitia | Office Manager | $80 | 0.00 | 7.00 | $0.00 |
| | | | | **Total:** | **$10,170.00** |

{00091181}                                                    3

17. In addition, the Firm is requesting an expense reimbursement of $14.00.

18. The Firm has not received any retainer from the Debtor.

## II. Breakdown of Fees by Category of Services

19. For the Court's convenience, the Firm has categorized the Services provided to the Debtor into the following categories: (a) outside general counsel; and (b) managing tort claims.

### A. OUTSIDE GENERAL COUNSEL (EXHIBIT A-1)

20. During the Application Period, the Firm expended 18.40 hours, yet only charged for 9 hours, leaving 9.40 hours uncharged. The total charged during the Applicable Period was $3,005.00, which results in an average rate of $163.31 per hour on matters relating to outside general counsel of the Case. In addition, the Firm is requesting an expense reimbursement of $14.00. *See* Exhibit A-1.

21. The Services in this category generally include, but, are not limited to: (a) all corporate governance matters; (b) all certification-related matters; (c) any and all corporate, transactional, and operational legal needs; (d) representation of client in litigation; (e) advising client on any matters pending in Court other than tort claims referred to in Exhibit A-2; (f) working with co-counsel on any of the matters identified in section (e) herein; (g) providing advice relating to legal compliance; (h) working with Debtor's accountant on any issues of concern; (i) aiding the Debtor in fulfilling its duties under the Code; and (j) staying informed about new developments within the Debtor.

22. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours Charged | Total Hours Not Charged | Value |
|---|---|---|---|---|---|
| Georgina Fabian | Managing Member | $350 | 6.10 | 3.30 | $2,135.00 |
| Cory White | Counsel | $300 | 2.90 | 0.20 | $870.00 |
| Araceli Espitia | Office Manager | $80 | 0.00 | 5.90 | $0.00 |

{00091181}                                  4

|  |  |
|---|---|
| **Total:** | **$3,005.00** |

23. In addition, the Firm is requesting an expense reimbursement of $14.00, for a total charge of **$3,019.00.**

### B. MANAGING TORT CLAIMS (EXHIBIT A-2)

24. During the Application Period, the Firm expended 22.70 hours, yet only charged for 20.50 hours, leaving 2.20 hours uncharged. The total charged during the Applicable Period was $7,165.00, which results in an average rate of $315.63 per hour on matters relating to managing tort claims. *See* Exhibit A-2.

25. The Services in this category include the management of tort claims in which the Debtor is or might be a named defendant, namely:

- *Barbara Pfneisel v. City of Chicago et al.*, 2014-L-009244
- *Lynn Grande v. Cityescape Garden & Design, LLC* et al., 2015-L-078979
- *Nicole Caliendo v. City of Chicago*, et al., 2015-L-000080;
- *Buck et al. v. United Maintenance Company Inc. et al.*, 2015-L-7057;
- *Freedberg v. City of Chicago, et al.*, 1026-L-008410; and
- *Christina Ross v. Geralex, Inc.*, et al., 2017-L-001539.

26. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours Charged | Total Hours Not Charged | Value |
|---|---|---|---|---|---|
| Georgina Fabian | Managing Member | $350 | 20.30 | 1.10 | $7,105.00 |
| Cory White | Counsel | $300 | 0.20 | 0.00 | $60.00 |
| Araceli Espitia | Office Manager | $80 | 0.00 | 1.10 | $0.00 |
|  |  |  | **Total:** |  | **$7,165.00** |

DISCUSSION

### III. The Firm's fees are reasonable and should be allowed.

27. After notice and hearing, a bankruptcy court may award a professional person "reasonable compensation for actual, necessary services rendered by the … professional person …." 11 U.S.C. § 330(a)(1)(A).

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

28. In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987); *accord In re UNR Indus.*, 986 F.2d 207, 210–11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

29. The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). Moreover, "[t]he lawyer's regular rate is *strongly* presumed to be the market rate for his or her services."

*Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), *cert. denied*, 532 U.S. 1066 (2001).

30. Additionally, under generally accepted standards, if the services of an attorney employed under section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*, 157 F.3d 414, 421 (5th Cir. 1998); In *re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); Collier *on Bankruptcy* ¶ 330.04 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998).

31. The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate—is $247.44. This average rate is fair and reasonable in light of the Services provided and the experience of the Firm's professionals. Moreover, the compensation requested by the Firm is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

32. Because the Firm's fees are reasonable, this Court should allow them.

## CONCLUSION

WHEREFORE, The International Business Law Group, LLC, respectfully requests an order (1) awarding it $10,184.00 on a final basis for the period of January 1, 2017, to March 30, 2017 as compensation and reimbursement of expenses, and (2) allowing the compensation previously approved on an interim basis on a final basis, as provided by 11 USC § 330.

Dated: May 12, 2017  **The International Business Law Group, LLC.**

By: /s/ Z. James Liu
One of the Debtor's attorneys

{00091181} 7

William J. Factor (6205675)
Z. James Liu (6313367)
**FACTORLAW**
105 W. Madison Street, Suite 1500
Chicago, IL 60602
Tel:       (312) 878-0977
Fax:      (847) 574-8233
Email:    wfactor@wfactorlaw.com
          jliu@wfactorlaw.com