# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 11 |
| **Geralex, Inc.**, | Bankruptcy No. 16-6479 |
| Debtor. | Honorable Pamela S. Hollis |

## NOTICE OF MOTION

**Please take notice** that on **September 14, at 10:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Pamela S. Hollis, United States Bankruptcy Judge for the Northern District of Illinois, in Courtroom 644 of the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there shall present the **Reorganized Debtor's Motion for Entry of Final Decree Closing Chapter 11 Case**, a copy of which is attached hereto and herewith served upon you.

Dated: September 5, 2017              **Geralex, Inc.**

                                      By: /s/ Z. James Liu
                                      One of its attorneys

William J. Factor (6205675)
Z. James Liu (6313367)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
       jliu@wfactorlaw.com

{00098422}

Case 16-06479    Doc 168    Filed 09/05/17    Entered 09/05/17 09:08:31    Desc Main
Document      Page 2 of 9

## CERTIFICATE OF SERVICE

    I, Z. James Liu, an attorney, hereby certify that on September 5, 2017, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Motion* and the accompanying *Motion* to be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by U.S. mail on all other persons identified on the Service List below.

                                                   /s/ Z. James Liu

## SERVICE LIST

**Registrants**
(Service via ECF)

Librado Arreola on behalf of Creditor Local 25 SEIU Pension Trust la@ulaw.com

Jeffrey Grant Brown on behalf of Creditor Yesenia Oquendo jeff@jgbrownlaw.com

William J Factor on behalf of Debtor 1 Geralex, Inc. wfactor@wfactorlaw.com, wfactorlaw@gmail.com;bharlow@wfactorlaw.com;wfactor@ecf.inforuptcy.com; wfactormyecfmail@gmail.com

Michael N Folga on behalf of Creditor Caliendo mnf@mcmanuslawfirm.com

Michael N Folga on behalf of Creditor Barbara Pfneisl mnf@mcmanuslawfirm.com

Patrick S Layng USTPRegion11.ES.ECF@usdoj.gov

Zhijun Liu on behalf of Debtor 1 Geralex, Inc. jliu@wfactorlaw.com, jliu@ecf.inforuptcy.com;bharlow@wfactorlaw.com;nbouchard@wfactorlaw.com

Sara E Lorber on behalf of Debtor 1 Geralex, Inc. slorber@wfactorlaw.com, slorber@ecf.inforuptcy.com;nbouchard@wfactorlaw.com;bharlow@wfactorlaw.com

Cornelius McKnight on behalf of Creditor Mary and John Buck nmcknight@mkplawyers.com

Jack M Shapiro on behalf of Creditor Howard Freedberg jack@danielgoodmanlaw.com

Brian R Zeeck on behalf of Creditor United Maintenance Company, Inc. bzeeck@hinshawlaw.com, cynthiablack@hinshawlaw.com

**Non-registrants**
(Service via regular U.S. mail)
See attached mailing matrix

Label Matrix for local noticing
0752-1
Case 16-06479
Northern District of Illinois
Chicago
Fri Apr  8 15:44:17 CDT 2016

Geralex, Inc.
1100 W. Cermak Rd.  Suite B114
Chicago, IL 60608-4540

Ally Financial
PO Box 130424
Roseville MN 55113-0004

Ally Financial
PO Box 9001948
Louisville, KY 40290-1948

American Express
PO Box 0001
Los Angeles, CA 90096-8000

Barbara Pfneisel
c/o Brian J. McManus, Attorney
30 N. Lasalle, 2126
Chicago, IL 60602-3371

Byline Bank
3639 N. Broadway St.
Chicago, IL 60613-4421

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC  28272-1083

Cermak & Racine Properties, LLC
1100 W. Cermak Rd.
Chicago, IL 60608-4560

Comcast
Bankruptcy Department
1255 W. North Ave.
Chicago, IL 60642-1562

Commonwealth Edison
PO Box 6111
Carol Stream, IL 60197-6111

David Hill, Chicago Real Value Fund
5431 N. Kildare Ave
Chicago, IL 60630-1792

Department of the Treasury
Internal Revenue Service
P.O. Box 7346
Philadelphia, Pennsylvania 19101-7346

Glenview State Bank
800 Waukegan Rd.
Glenview, IL 60025-4310

Hansen Cochrane & Reed, LTD.
60 Revere Dr.
Suite 960
Northbrook, IL 60062-1581

Hartford Fire Insurance Company
Bankruptcy Unit NP3-R Hartford Plaza
Hartford, CT 06115

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS PO
BOX 7346
PHILADELPHIA PA 19101-7346

Illinois Department of Revenue
PO Box 19305
Springfield, IL 62794-9305

Internal Revenue Service
Mail Stop 5014CHI
230 S. Dearborn Street, Room 2600
Chicago, Illinois 60604-1705

Local S.E.I.U Welfare Fund, et al. c/
o Robert B. Greenberg, Attorney 200
W. Jackson Boulevard, Ste. 1900
Chicago, IL 60606-6942

Lynn Grande
c/o Barry G. Doyle, Attorney
15255 94th St, 5th Floor
Orland Park, IL 60462-3800

Nicole Caliendo
c/o Brian J. McManus, Attorney
30 N. LaSalle, 2126
Chicago, IL 60602-3371

Peoples Energy
Attn: Bankruptcy
130 East Randolph Drive, 17th Floor
Chicago, IL 60601-6207

Peoples Gas
PO Box 19100
Green Bay, WI 54307-9100

```
(p)SPRINT NEXTEL CORRESPONDENCE       (p)C O AMERICAN INFOSOURCE LP        Tennant
ATTN BANKRUPTCY DEPT                  4515 N SANTA FE AVE                  12875 Ransom St.
PO BOX 7949                           OKLAHOMA CITY OK 73118-7901          Holland, MI 49424-9273
OVERLAND PARK KS 66207-0949


The Hartford                          The Home Depot                       The International Business Law Group, LLC
The Hartford Financial Services Grp   PO BOX 790328                        150 N. Michigan Ave., Ste. 3680
One Hartford Plaza                    St. Louis, MO 63179-0328             Chicago, IL 60601-7586
Hartford, CT 06155-0001


                                      The Standard Companies               Travelers
                                      2601 S. Archer Ave                   Travelers CL Remittance Center
                                      Chicago, IL 60608-5913               PO BOX 660317
                                                                           Dallas, TX 75266-0317


Unicom                                United Maintenance Services          University of Chicago
12560 S Holiday Dr.                   1550 S. Indiana Ave                  5801 S. Ellis Ave
Building C                            Chicago, IL 60605-4831               Chicago, IL 60637-1546
Alsip, IL 60803-3248


                                                                           capital one
                                                                           PO Box 6492
                                                                           Carol Stream, IL 60197-6492
```

Case 16-06479    Doc 168    Filed 09/05/17    Entered 09/05/17 09:08:31    Desc Main Document      Page 4 of 9

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **Geralex, Inc.**, | Bankruptcy No. 16-6479 |
| Debtor. | Honorable Pamela S. Hollis |

**REORGANIZED DEBTOR'S MOTION
FOR ENTRY OF FINAL DECREE
AND ORDER CLOSING CHAPTER 11 CASE**

1. Because the bankruptcy estate in this case has been fully administered, Geralex, Inc. (the "***Reorganized Debtor***") seeks entry of a final decree and order closing this chapter 11 case.

## BACKGROUND

2. On February 26, 2016 (the "***Petition Date***"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

3. The Debtor is an Illinois corporation with its principal place of business in Chicago, Illinois. The Debtor provides janitorial services to commercial and government facilities, such as airports and schools. It has been in business since 2003. The Debtor is differentiated in the janitorial services business by being woman- and minority-owned and engaging in environmentally sustainable practices with a deep commitment to the community. It is owned by Alejandra Alvarado (60%) and Gerardo Alvarado (40%).

4. Prior to commencing this case, the Debtor was embroiled in litigation with a group of plaintiffs who alleged violations of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Wage Payment and Collection Act (the "***Ligitation***"). The Litigation has been settled, and that settlement has been approved by this Court. (Dkt. 36.)

5. On March 30, 2017, the Court entered an order confirming the Debtor's Plan of Reorganization. The effective date of the Plan was April 20, 2017.

{00098422}

6. The Plan requires that the Reorganized Debtor make the following payments or take the following actions following the Plan's effective date:

| Type or Class of Claims | Creditors | Date of payment or treatment under Plan | Status of payments |
|---|---|---|---|
| U.S. trustee fees. | U.S. trustee. | Paid quarterly. | The Reorganized Debtor paid U.S. trustee fees assessed through the filing of this motion and will pay the remaining fees once the final fees due have been calculated. |
| Unclassified administrative expense claims. | Professionals retained in the case.[1] | Paid according to section 4.2.1.1 of the Confirmed Plan. | Allowed claims paid except by agreement of retained professionals. |
| | Ordinary course trade vendors. | Claims to be paid in the ordinary course of business. | Paid in the ordinary course of business. |
| Class 1 | Secured Claim of Ally Financial. | The loan between the Debtor and Ally Financial continues under the same terms and conditions as existed prior to the Petition Date. | All payments required to date have been made. |
| Class 2 | Unliquidated Tort Claims | The holders of Class 2 Claims retained all pre-petition rights and remedies. | All payments required to date have been made. |

---

[1] Professionals retained in this case include The Law Office of William J. Factor, Ltd. (the Debtor's bankruptcy counsel), The International Business Law Group LLC (the Debtor's non-bankruptcy outside general counsel) and Vidal & Associates Ltd. (the Debtor's accountant).

| Type or Class of Claims | Creditors | Date of payment or treatment under Plan | Status of payments |
|---|---|---|---|
| Class 3 | Unsecured Claims | The Reorganized Debtor will contribute its Annual Cash Flow, up to a total of $65,000, to the Unsecured Creditor Escrow Account for years ending March 31, 2018, 2019, 2020 and 2021 by April 15 of each year. Holders of Allowed Class 3 Claims will receive annual pro rata distributions on May 15, each year. | All payments required to date have been made. |
| Class 4 | Convenience Class | Allowed Class 4 Claims were to receive payment in full within 15 days of the effective date, or May 5, 2017. | All payments required to date have been made. |
| Class 5 | Owners of Geralex, Inc. | Retain equity interests in the Reorganized Debtor. | Retained equity interests. |

7. Finally, there are no pending matters left for this Court to address.

## DISCUSSION

8. "After an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022; *accord* 11 U.S.C. § 350(a).

9. The Bankruptcy Code and Rules do not define when an estate is fully administered, so courts "should review each request for entry of a final decree on a case-by-case basis and analyze the factors set forth in Rule 3022, along with any other relevant factors, in determining whether an estate has been fully administered." *Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores,*

*Inc.)*, 43 Fed. Appx. 820, 822 (6th Cir. 2002); *accord In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).

10.  The factors considered include: (a) whether the order confirming the plan has become final; (b) whether deposits required by the plan have been distributed; (c) whether the property proposed by the plan to be transferred has been transferred; (d) whether the debtor or the successor of the debtor under the plan has assumed the business of the management of the property dealt with by the plan; (e) whether payments under the plan have commenced; and (f) whether all motions, contested matters, and adversary proceedings have been finally resolved. Fed. R. Bankr. P. 3022 Advisory Note.

11.  Whether or not there is a possibility that a court's jurisdiction may be invoked in the future is not a basis to keep a case open, as a final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to 11 U.S.C. § 350(a). *Id.*

12.  Here, the applicable factors are largely satisfied and the Reorganized Debtor's case has been finally administered. Specifically, (a) the order confirming the Plan is final, (b) the Reorganized Debtor has assumed responsibility for the property to be dealt with under the Plan, (c) all payments thus far required by the Plan have been made, and (d) all motions, contested matters, and adversary proceedings have been resolved.

13.  There is therefore no further need for supervision by this Court. (And in the unlikely event that an issue does arise, this Court retains jurisdiction under article 12 of the Plan to resolve that issue.)

## NOTICE

14.  Seven days' notice of this motion has been provided to: (a) the Reorganized Debtor; (b) the United States trustee; (c) the Debtor's creditors; and (d) any other party that has filed an appearance or requested notice in the case. The Reorganized Debtor submits that, under the circumstances, such notice is adequate and that no further notice is required.

**Wherefore**, the Reorganized Debtor respectfully requests that the Court enter a final decree and order closing the case, and grant such further relief as is appropriate under the circumstances.

Dated: September 5, 2017  **Geralex, Inc.**

By: /s/ Z. James Liu
One of its attorneys

William J. Factor (6205675)
Z. James Liu (6313367)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:   (847) 239-7248
Fax:   (847) 574-8233
Email: wfactor@wfactorlaw.com
       jliu@wfactorlaw.com